# In the United States Court of Federal Claims

No. 14-307C
(Filed Under Seal: August 26, 2014)
(Reissued for Publication: November 19, 2014)[*]

*************************************
SAVANTAGE FINANCIAL SERVICES,   *
INC.,   *
  *
       Plaintiff,   *
  *   Bid Protest; Motion to Dismiss; Mootness;
v.   *   Corrective Action
  *
THE UNITED STATES,   *
  *
       Defendant.   *
*************************************

Timothy F. Noelker, St. Louis, MO, for plaintiff.

William J. Grimaldi, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Judge

     In this bid protest, plaintiff Savantage Financial Services, Inc. challenges a federal government agency's method of acquiring financial management software and associated services. After plaintiff filed its motion for judgment on the administrative record, defendant indicated its intent to take corrective action and subsequently moved to dismiss the protest as moot. For the reasons set forth below, the court concludes that the claims presented in plaintiff's complaint are moot. It therefore grants defendant's motion to dismiss.

---

    [*] The court provided the parties with an opportunity to suggest redactions to this decision, but in a September 4, 2014 notice, defendant represented that the parties agreed that no redactions were necessary. However, the court has made one change to this decision prior to releasing it for publication: pursuant to its contemporaneously issued November 19, 2014 Opinion and Order, the court has removed the language from the conclusion directing the entry of judgment.

## I. BACKGROUND

### A. Factual History

Plaintiff is one of five companies that sell financial management software systems and related services to the federal government.[1]  Its software–Altimate/FFMS–was acquired by United States Immigration and Customs Enforcement ("ICE") from the United States Department of Commerce, which holds the right to distribute plaintiff's software within the federal government.  ICE, a component of the United States Department of Homeland Security ("DHS"), negotiated both a contract with plaintiff for its software and services and a license for all other DHS components to use plaintiff's software and services.  Plaintiff's contract with ICE runs through the end of 2014, and the parties are negotiating an extension for 2015-2016.  As of April 2014, plaintiff's software and services were used by the following DHS components:  ICE, United States Citizenship and Immigration Services, the National Protection and Programs Directorate, the Science and Technology Directorate, the Office of Health Affairs ("OHA"), United States Visitor and Immigrant Status Technology, and the Office of the Secretary and Under Secretary for Management.

Other DHS components used financial management software and related services from one of the four other companies; of particular importance in this protest is the use of SAP's software by United States Customs and Border Protection ("CBP").  CBP's license with SAP, executed prior to the creation of DHS, did not contemplate that the software would be used by any entity other than CBP and did not grant CBP the authority to license the software to another entity.

Over the previous decade, DHS twice attempted to implement a department-wide update of its financial management software systems.  The first effort was abandoned in 2006.  The second effort, which initially required offerors to propose using software offered by SAP or Oracle, and subsequently required offerors to propose any integrated asset, acquisition, and financial management software system already in use within the federal government, was cancelled in early 2011.  DHS's current plan is to modernize its financial management software systems on a decentralized, component-by-component basis.

---

[1] A motion to dismiss, such as the one filed by defendant, tests the sufficiency of a complaint.  Conley v. Gibson, 355 U.S. 41, 45 (1957).  Consequently, when ruling on a motion to dismiss, "the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice."  2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.34[2] (3d ed. 2012). The facts in this section are therefore derived solely from plaintiff's complaint.  Nevertheless, because defendant's motion concerns a jurisdictional issue–mootness–the court may consider evidence outside of the pleadings.  See Land v. Dollar, 330 U.S. 731, 735 & n.4 (1947).  The additional evidence necessary to resolve defendant's motion–namely, the declaration submitted by defendant with its reply brief–is referenced later in the decision.

In early 2013, plaintiff began to hear rumors that OHA was planning to switch from its software to the software offered by SAP, and that OHA, as the smallest DHS component, was to serve as the prototype for switching all DHS components to the SAP software. Plaintiff investigated these rumors, but was unable to obtain confirmation from DHS.

The first tangible evidence that OHA would be switching to SAP's software was a March 21, 2014 notice issued by DHS indicating that the invoice payment office would be changed from ICE's finance center to CBP's finance center. According to the notice, DHS considered this change to be compliant with all relevant guidelines, including those contained in a memorandum from the Office of Management and Budget ("OMB") regarding the use of shared services for financial systems. In this memorandum, OMB encouraged the use of shared service providers to streamline government operations, but required that an agency considering the use of a shared service provider first conduct an analysis of its alternatives. OMB cited another document–OMB Circular A-127–that indicated how an agency could migrate to a shared service provider: an agency seeking to upgrade or modernize its financial system was required to conduct a competition among OMB-designated shared service providers, but could deviate from this requirement and pursue a noncompetitive migration if it prepared a full justification.

The following month, plaintiff finally obtained concrete information reflecting that OHA had ceased using its software and had begun using the software offered by SAP through SAP's contract with CBP. In an April 7, 2014 electronic-mail message, an ICE employee requested that one of plaintiff's employees change a billing code so that OHA would be billed under its new arrangement with CBP. Plaintiff interprets this message as evidence that OHA was proceeding under CBP's existing license with SAP, and by doing so, had obtained new financial management software and services via a sole-source procurement. Plaintiff also alleges that OHA's use of SAP's software pursuant to CBP's license was the result of CBP being treated as a shared service provider. However, plaintiff was unable to find any evidence that OHA conducted an alternatives analysis or prepared a justification supporting its use of SAP's software through CBP.

### B. Procedural History

In the absence of any evidence that OHA conducted a competition to acquire the SAP software and associated services, plaintiff filed a bid protest in this court on April 16, 2014. In its complaint, plaintiff sets forth three claims for relief. In its first two claims, plaintiff alleges that OHA's migration to SAP's software and services violated (1) the requirement for full and open competition through the use of competitive procedures set forth in the Competition in Contracting Act of 1984 ("CICA"), and (2) the justification, approval, and publication requirements for contracting without full and open competition set forth in subpart 6.3 of the Federal Acquisition Regulation ("FAR"). In its third claim, plaintiff alleges that DHS's decision to replace the financial management software and services in use at OHA–plaintiff's system–with software and services provided by SAP was arbitrary, capricious, an abuse of discretion, and contrary to law. In its prayer for relief, plaintiff requests:

> injunctive and declaratory relief prohibiting DHS from proceeding with the migration of OHA from the Altimate/FFMS financial software system to the SAP solution without first complying with applicable statutory and regulatory requirements, including but not limited to conducting a competitive procurement in accordance with applicable law and regulations to select a financial systems application software candidate that best satisfies DHS's needs.

Compl. 14. Plaintiff further requests "such other and further relief as this Court may deem just and proper." Id.

On July 24, 2014, after plaintiff filed its motion for judgment on the administrative record, defendant filed a notice with the court indicating that OHA intended to take corrective action in response to this protest by cancelling the proposed migration of its financial management software and related services from ICE to CBP and re-evaluating its options for obtaining the required services.[2] Defendant further indicated that once corrective action had been initiated, it would seek the dismissal of the protest as moot. The court subsequently suspended briefing on the merits of plaintiff's protest. Shortly thereafter, defendant filed its motion to dismiss, which is now fully briefed. The court has reviewed the parties' briefs, and concludes that the previously scheduled oral argument is unnecessary for it to rule.

## II. DISCUSSION

Defendant moves to dismiss plaintiff's protest as moot pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims. When faced with such a motion, the court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).

### A. Mootness

A court "will determine only actual matters in controversy essential to the decision of the particular case before it." United States v. Alaska S.S. Co., 253 U.S. 113, 115 (1920). "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937). Moreover, the controversy must exist at all stages of the litigation; it is not enough that the controversy was alive when the complaint was filed. Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974). Subsequent acts will render a case moot if they make it impossible for the court to grant "'effectual relief.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). However, a case will not be rendered moot by subsequent acts if some of the requested relief remains available. Intrepid v. Pollock, 907 F.2d 1125, 1131 (Fed. Cir. 1990); accord Church of Scientology of Cal., 506 U.S. at 12 (holding

---

[2] Defendant subsequently submitted a declaration from an OHA official confirming its description of OHA's corrective action.

that a case is not moot so long as the "court can fashion <u>some</u> form of meaningful relief" for the injured party).

In this protest, the subsequent act invoked by defendant is OHA's decision to take corrective action. "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 174 (2000). However, the voluntary cessation of the challenged activity may render a case moot if there is no reasonable expectation that the activity will recur and the effects of the activity have been completely extinguished. <u>Cnty. of L.A. v. Davis</u>, 440 U.S. 625, 631 (1979). Thus, when "corrective action adequately addresse[s] the effects of the challenged action, and the Court of Federal Claims ha[s] no reasonable expectation that the action would recur," the case should be dismissed. <u>Chapman Law Firm v. Greenleaf Constr. Co.</u>, 490 F.3d 934, 940 (Fed. Cir. 2007). The party asserting mootness bears a heavy burden of establishing that the challenged activity will not recur. <u>Friends of the Earth, Inc.</u>, 528 U.S. at 189.

### B. The Claims Set Forth in the Complaint Are Moot

Defendant argues that the corrective action initiated by OHA–the cancellation of the proposed migration of its financial management software and related services from ICE to CBP and the re-evaluation of its options for procuring such software and services–moots plaintiff's protest. Plaintiff disagrees, arguing that the administrative record demonstrates that OHA's planned migration was merely a trial run for DHS's much larger plan to migrate all of its components to CBP to use SAP's software. Thus, plaintiff contends: "There can be no doubt that [it] is challenging the DHS's practice of selecting a favored financial management system and attempting through different means to move DHS components–in every case those components that use the Savantage Altimate/FFMS system–to that favored system without adhering to CICA and FAR requirements."[3] Resp. 8. With this contention, plaintiff is attempting to assert claims that are beyond the scope of those it asserted in its complaint.

In its complaint, plaintiff sets forth three claims for relief, all of which concern OHA's decision to migrate its financial management system from plaintiff's system, offered through ICE, to SAP's system, offered through CBP. In addition, the relief plaintiff seeks in its complaint is expressly limited to preventing OHA from migrating from ICE to CBP without DHS first complying with the relevant statutory and regulatory requirements. Plaintiff neither alleges that any DHS component other than OHA has improperly sought to migrate to CBP, nor seeks to prevent any DHS component other than OHA from migrating to CBP.

---

[3] Defendant contends that plaintiff is challenging "the procurement decisions of the other DHS components and directorates." Reply 4. The court does not interpret plaintiff's argument in this manner. Rather, plaintiff appears to be challenging an alleged overarching decision of DHS, and not the individual procurement decisions of DHS's components.

Because the claims and relief described in plaintiff's complaint pertain only to OHA's proposed migration, the corrective action described by defendant–OHA's cancellation of the plan to migrate its financial management system from ICE to CBP and re-evaluation of its options for procuring such a system–is appropriately tailored to provide plaintiff with all of the relief it requests in its complaint. As confirmed by an OHA official in a declaration submitted with defendant's reply brief, OHA has terminated the proposed migration and will re-evaluate its options, presumably in compliance with all statutory and regulatory requirements. See Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234, 1239 (Fed. Cir. 2002) (noting "the strong presumption that government contract officials exercise their duties in good faith"); accord U.S. Postal Serv. v. Gregory, 534 U.S. 1, 10 (2001) (noting that "a presumption of regularity attaches to the actions of Government agencies"); Schism v. United States, 316 F.3d 1259, 1302 (Fed. Cir. 2002) (en banc) ("This presumption of regularity is the supposition that public officers perform their duties correctly, fairly, in good faith, and in accordance with law and governing regulations, and is valid and binding unless 'well-nigh irrefragable proof rebuts or overcomes it.'" (citation omitted) (quoting Alaska Airlines, Inc. v. Johnson, 8 F.3d 791, 795 (Fed. Cir. 1993))). Because OHA's corrective action provides plaintiff with all of the relief it requests in its complaint, plaintiff's protest is moot.

### C. Plaintiff's Suggestion of an Amended Complaint Is Insufficient to Overcome the Mootness of Its Protest

In a footnote in its response to defendant's motion to dismiss, plaintiff asserts that the court, in determining whether the protest is moot, is not constrained by the contents of its complaint. Plaintiff does not provide any legal support for this assertion, and the court is unaware of any precedent permitting it to provide relief for a claim not described in a complaint. See, e.g., Powell v. McCormack, 395 U.S. 486, 498 (1969) ("[W]here one claim has become moot and the pleadings are insufficient to determine whether the plaintiff is entitled to another remedy, the action should be dismissed as moot."). However, plaintiff does indicate, in the same footnote, that it is prepared file an amended complaint or a motion for leave to file an amended complaint to reflect its broader allegations, premised on the administrative record, that DHS has already decided to migrate its components from Altimate/FFMS to the software offered by SAP and is attempting to accomplish those migrations without complying with the relevant statutes and regulations. Plaintiff's suggestion that it could amend its complaint is insufficient to overcome the mootness of the claims that are currently before the court. Because plaintiff did not file an amended complaint and has not sought leave to file an amended complaint, there are no claims or proposed claims before the court upon which the court could allow plaintiff's protest to proceed. Cf. Coastal Envtl. Grp., Inc. v. United States, 114 Fed. Cl. 124 (2014) (granting the plaintiff's motion to file an amended complaint to add allegations concerning the agency's decision, during the pendency of the protest, to cancel the procurement, even though the plaintiff's original protest allegations were mooted by the agency's actions).

## III.  CONCLUSION

Because OHA's corrective action renders the claims set forth in plaintiff's complaint moot, the court **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's protest as moot.

The court has filed this ruling under seal.  The parties shall confer to determine agreed-to proposed redactions.  Then, by **no later than Friday, September 5, 2014**, the parties shall file a joint status report indicating their agreement with the proposed redactions, **attaching a copy of those pages of the court's ruling containing proposed redactions, with all proposed redactions clearly indicated.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge
